[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNT THREE
In this case, plaintiff Alice Levesque, a tenant in the Williamsburg Apartment on Heritage Drive in Windsor, CT Page 1651 Connecticut, has sued her landlord, Williamsburg Associates of Windsor Limited Partnership, to recover money damages for injuries she claims to have suffered in a fall on her landlord's premises on March 5, 1991. In her three-count Substituted Revised Complaint ("Complaint") dated June 17, 1994, the plaintiff alleges that while descending a darkened public stairway in a common area of her apartment building, she fell over a two-wheeled bicycle which the defendant landlord, through its agents, servants and/or employees, had permitted to remain there, blocking the stairway. As a result of her fall, the plaintiff claims to have suffered several severe physical injuries, to have incurred expenses for medical care and treatment, to have lost time from work, and to have lost all or part of her ability to enjoy life's pleasures.
In the first count of her Complaint, the plaintiff claims that her injuries and losses were
 5. . . . caused by the Defendant's maintaining and permitting to maintain a nuisance in one or more of the following ways:
 a. The Defendant through its agents, servants and/or employees permitted a two-wheeled bicycle to be left blocking or cluttering the common stairway thus causing the Plaintiff and other tenants attempting to use the common stairway to tip or stumble on their way to use the laundry facilities.
 b. The Defendant through its agents, servants and/or employees permitted inadequate lighting of said common stairway rendering the stairway defective thus causing the Plaintiff to fail to see the obstruction to the stairway.
Complaint, Count I, ¶ 5.
In the second count of her Complaint, the plaintiff alleges that she CT Page 1652
 3. . . . was a tenant subject to a written lease with the Defendant, whose agents, servants and/or employees acted as landlord under this lease agreement.
— — —
 5. The Plaintiff's injuries and losses were caused by the Defendant's breach of the written agreement entered into by the parties in that if failed to keep the common areas of the premises in a safe condition by allowing a bicycle to be left in the common area and failure to adequately light the area.
Complaint, Count II, ¶¶ 3, 5.
Finally, in the third count of her Complaint, the plaintiff realleges that she is the defendant's tenant under a written lease, realleges that the defendant failed to keep the common areas of the premises in a safe condition in the two ways alleged in paragraph 5 of her first count, then claims that
 6. The Defendant's failure to keep the common areas of the premises in a safe condition, as previously mentioned, as mandated by C.G.S. § 47a-7(3) constitutes an unfair trade practice in violation of C.G.S. § 42-110b in that the Defendant (sic) acts and omissions affected the public policy as embodied by this statute of insuring minimum standards of housing safety and habitability.
Complaint, Count III, ¶ 5.
The defendant has moved this Court to strike the third count of the plaintiff's Complaint on two separate grounds. First, it argues that the third count "fails to allege facts to state a cause of action in that negligence cannot be a basis for [a CUTPA] action [.]" Motion to Strike, p. 1. Second, it argues that the third count fails to allege sufficient facts to state a cause of action since "a single CT Page 1653 act by the defendant cannot be the basis for a [CUTPA] claim [.]" Id. For the following reasons, the Court concludes that the defendant has misconstrued the allegations of the plaintiff's CUTPA claim, and thus that its Motion to Strike must be denied.
 I
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Id.
"A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts."Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm ApplicationsCo. v. Simsbury Volunteer Fire Co., 179 Conn. 541-50,427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 549 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985). CT Page 1654
 II
The defendant s first claim on its Motion to Strike is that the plaintiff's CUTPA claim is legally insufficient because it is based on nothing more than an allegation of simple negligence. Noting that under the holding of A-GFoods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 215 (1990), simple acts of negligence cannot form a basis of a CUTPA claim, the defendant insists that his Motion to Strike must be granted.
The defendant, however, is mistaken, for as previously noted, the plaintiff's Compliant sounds not in negligence, but in nuisance, breach of contract and violation of the Connecticut Unfair Trade Practices Act. The third count, in particular, alleges that the defendant violated CUTPA by failing to keep the common areas of her rented premises in a safe condition both by permitting a two-wheeled bicycle to be left blocking or cluttering the common stairway where the plaintiff and other tenants would trip or stumble over it and by permitting inadequate lighting of the stairway so that the obstruction could not be seen. The gravamen of the plaintiff's CUTPA claim is thus not a simple act of negligence, but a prolonged course of dangerous conduct which is claimed to have rendered the plaintiff's premises unsafe for use by the plaintiff and other tenants.
Against this background, the plaintiff correctly argues that the allegations of the third count of his Complaint are sufficient to state a cause of action under CUTPA. Since 1983, the Connecticut Supreme Court has made it clear that the collection of rent from paying tenants is an unfair trade practice when the premises are so maintained as to be unsafe for their normal use as human habitation. Conaway v. Prestia,191 Conn. 484, 493 (1983). Under such circumstances, said theConaway Court, the collection of rent "unquestionably offend[s] the public policy, as embodied by [Connecticut's landlord-tenant] statutes, of insuring minimum standards of housing safety and habitability." Id.
In this case, the plaintiff explicitly claims that the conduct of the defendant violates the public policy of this state, as articulated in General Statutes § 47a-7(3), which provides that CT Page 1655
(a) A landlord shall: . . .
 (3) keep all common area of the premises in a clean and safe condition.
Under the doctrine of Conaway v. Prestia, supra, such conduct, if proven, constitutes an unfair trade practice in violation of General Statutes § 42-1106.
 III
As for the defendant's second argument in support of its Motion to Strike — that a single act cannot properly give rise to a claim for damages under CUTPA — the defendant is similarly mistaken in its reading of the plaintiff's Complaint. Though the plaintiff claims to have fallen but once, she has alleged in the third count of her Complaint that the condition which caused her to fall had been permitted to exist for so long a time that it caused several of her fellow tenants to trip or stumble as well. The implication which arises from this allegation is not that the defendant's failure to remove the bicycle was a one-time event which may not have reflected the regular "practice" of the defendant landlord. To the contrary, it suggests a longstanding course of conduct which has compromised the safety of the plaintiff and her fellow tenants for a significant period of time.
To plead a violation of CUTPA, a plaintiff need not allege that the defendant's challenged conduct caused her to suffer more than one ascertainable loss as long as she alleges that the conduct itself was part of a "practice" which "offends public policy as it has been established by statutes, the common law, or otherwise." Conaway v. Prestia, supra, 493. Because the conduct here alleged is a continuing course of conduct which offends the public policy of this State, as expressed in General Statute § 47a-7(3), the third count of the plaintiff s Complaint states a legally sufficient cause of action under General Statutes § 42-110b.
Accordingly, the defendant's Motion to Strike the third count of the plaintiff's Substituted Revised Complaint is hereby denied.
Michael R. Sheldon, J. CT Page 1656