[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THE COMPLAINT
On March 27, 1994, the plaintiff, Tiago C. Senna, filed a two count complaint against the defendants, Emmanuel Gottesdiener, et al. The first count sounds in common law vexatious litigation and the second count is brought pursuant to General Statutes § 52-568, which provides damages for a groundless or vexatious suit or defense.
The plaintiff alleges the following. By complaint dated December 18, 1990, the defendants, Emmanuel Gottesdiener and Marc Gottesdiener, brought an action (hereinafter "the underlying action") against the plaintiff to foreclose on a judgment lien which they had caused to be recorded in their favor on the land records of the Town of East Hartford. In the underlying action, these defendants claimed that they obtained a judgment against the plaintiff in the amount of CT Page 4755 $105,000.00.
The plaintiff claims that at no time had these defendants obtained a judgment against the plaintiff for $105,000.00. The plaintiff further alleges that the defendants commenced the underlying action when they knew that they had not obtained a judgment against the plaintiff for $105,000.00.
On February 18, 1991, the underlying action was resolved in favor of the plaintiff. Subsequently, the plaintiff filed the present complaint. In count one, the plaintiff alleges that the underlying action was brought without probable cause. The plaintiff further alleges that the underlying action was brought with malicious intent unjustly to vex and trouble the plaintiff. Finally, the plaintiff alleges that as a proximate result of the defendants' actions the plaintiff has incurred mental pain and suffering, humiliation, embarrassment, and emotional distress.
In the second count, the plaintiff realleges the entire first count and further claims that he brings this action pursuant to General Statutes § 52-568.
As to the first count, the plaintiff seeks compensatory, exemplary and punitive damages. As to the second count, the plaintiff seeks all damages provided for by General Statutes § 52-568, including, but not limited to, double or treble damages.
The defendant filed a motion to strike the plaintiff's entire revised complaint, dated June 10, 1994, on the ground that the plaintiff cannot properly bring both a common law vexatious claim and a statutory vexatious claim in one complaint.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it CT Page 4756 does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Morav. Aetna Life Casualty Ins. Co., supra, 13 Conn. App. 211. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm ApplicationsCo. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 549-50,427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 549 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,
supra, 196 Conn. 108-09.
The defendant argues that common law and statutory vexatious claims may not be joined in the same action because they are unalterably inconsistent with one another with respect to their respective calculation of final damages. The plaintiff claims that both counts are "separate causes of action, both of which are appropriate to the facts of this case." In Connecticut, parties may advance alternative pleadings absent a showing of prejudice to the defendant. Sall v. JonesApparel Group, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 12 50 13 (June 17, 1994, Mottolese, J.), citing Practice Book §§ 94, 137 andHanover Ins. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340,346, 586 A.2d 567 (1991). "Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more CT Page 4757 defendants in a single complaint." Dreier v. Upjohn Co.,196 Conn. 242, 245, 492 A.2d 164 (1985). "[W]e have never placed a limitation on a litigant's ability to put forth alternative theories of liability." Perna v. Gordon, Superior Court, Judicial District of Danbury, Docket No. 31 40 16 (November 12, 1993, Moraghan, J.), citing Sharp v. Wyatt, Inc.,31 Conn. App. 824, 844-45, 627 A.2d 1347 (1993).
Unlike General Statutes § 31-284, et seq, which states that it provides the exclusive remedy for work related injuries, the statute in the present case, 52-568, Damagesfor groundless or vexatious suit or defense, does not state that it is the sole remedy for a cause of action in vexatious litigation.
In the court's opinion the plaintiff has properly In the court's opinion the plaintiff has properly asserted alternative claims for vexatious litigation, one based on the common law and one based upon General Statutes § 52-568. Therefore, the defendant's motion to strike is denied.
Hale, J.