PATRICIA MORA *v.* AETNA LIFE AND CASUALTY INSURANCE COMPANY
(5087)

DUPONT, C. J., SPALLONE and STOUGHTON, Js.

Argued October 15, 1987—decision released January 5, 1988

*Ross Lessack,* with whom, on the brief, was *Edward T. Dodd, Jr.,* for the appellant (plaintiff).

*Louis B. Blumenfeld,* with whom, on the brief, was *Ellen M. Burns,* for the appellee (defendant).

SPALLONE, J. The plaintiff appeals from the judgment rendered after the trial court's granting of the defendant's motion to strike the plaintiff's complaint in its entirety.

The plaintiff, Patricia Mora, instituted this action by filing a four count complaint. The first count sought damages for emotional distress which allegedly resulted from the defendant's refusal to pay workers' compensation benefits. In her second count, the plaintiff claimed that the defendant's refusal to pay such benefits constituted a breach of an implied contract provision of good faith and fair dealing. The third count of the complaint alleged a violation of the Connecticut Unfair Insurance Practices Act; General Statutes §§ 38-60 and 38-61; and the fourth count alleged a violation of the Connecticut Unfair Trade Practices Act. General Statutes § 42-110b (a).

In each count, the plaintiff repeated the following allegations: "On or about April 5, 1982, and at all times mentioned herein, the plaintiff . . . was an employee of New Britain Memorial Hospital . . . and was injured within the scope of that employment and hence, entitled to benefits under the Workers' Compensation Act. . . . At all times mentioned herein, the Workers' Compensation carrier, insuring said liability of the employer . . . was the Defendant. . . . Under the Workers' Compensation Act, the plaintiff . . . has been and is entitled to temporary total disability benefits, temporary partial disability benefits and the payment of medical, hospital, medication and related expenses. Yet, the defendant refuses to pay said benefits and bills although clearly obligated to do so under the Workers' Compensation Act. . . . The conduct of the defendant was and is such that it knew or should have known that it would result in the infliction of emotional distress upon the plaintiff and her family. . . . As a result of the defendant's intentional, wanton, willful and/or wrongful conduct, the plaintiff has suffered emotional distress, financial damages, and other losses and damages."

The defendant filed a motion to strike all four counts of the plaintiff's complaint on the grounds (1) that they were barred by the exclusive remedy provisions of the Workers' Compensation Act, (2) that they failed to allege that the defendant admitted liability or that the workers' compensation commissioner had made a determination of liability, and (3) that they failed to allege sufficient facts to constitute a cause of action. The motion to strike was granted and, after the plaintiff failed to file a substitute complaint within fifteen days, the trial court granted the defendant's subsequent motion for judgment. See Practice Book § 157. The plaintiff then filed this appeal.

Although the plaintiff has presented us with five individual claims of error,[1] all stemming from the granting of the motion to strike, there is no need for a detailed discussion of each. The fate of this case lies solely in our determination of whether the plaintiff's complaint sufficiently stated a cognizable cause of action as a matter of law. We find that it did not.

"A motion to strike challenges the legal sufficiency of a pleading. It replaced the demurrer in our practice. Like the demurrer, it admits all *facts* well pleaded; it does not admit *legal conclusions or the truth or accuracy of opinions* stated in the pleadings." (Emphasis in original; citations omitted.) *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108, 491 A.2d 368 (1985); see also *Sheiman* v. *Lafayette Bank & Trust Co.*, 4 Conn. App. 39, 42, 492 A.2d 19 (1984); *Greene* v. *Metals Selling Corporation*, 3 Conn. App. 40, 41, 484 A.2d 478 (1984). A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts. *Simmons* v. *Parizek*, 158 Conn. 304, 308, 259 A.2d 642 (1969). Such is the case here.

Each of the complaint's four counts is intrinsically contingent on the same factual premise: that the plaintiff was entitled to payment of workers' compensation benefits and that the defendant, as the employer's insurer, was legally obligated to pay them. Yet the plaintiff did not set forth facts in her complaint which would support this premise; rather, she simply alleged that she had been injured within the scope of her employ-

---

[1] The plaintiff claims that the trial court erred (1) in deciding that the complaint was brought prematurely because of the lack of allegations concerning liability, (2) in concluding that there is an inseparable identity between the employer and its insurance carrier in this case, (3) in concluding that the employer's immunity from a common law negligence action is applicable to the insurer, (4) in concluding that the complaint was factually insufficient concerning the employer's liability although the defendant did not request a revision, and (5) in striking the nonnegligence counts in the plaintiff's complaint.

ment. The plaintiff now argues that this allegation is sufficient to infer entitlement to workers' compensation benefits.

For us to accept the plaintiff's claim is to ignore the existence of our Workers' Compensation Act; General Statutes § 31-275 et seq.; and the myriad caselaw interpreting those provisions. Entitlement to workers' compensation benefits does not attach upon a mere request for payment. There must first be an injury which is embraced by one of the three exclusive types of compensable conditions defined by the act. *Grady* v. *St. Mary's Hospital,* 179 Conn. 662, 664 n.1, 668, 427 A.2d 842 (1980); see also *McDonough* v. *Connecticut Bank & Trust Co.,* 204 Conn. 104, 109, 527 A.2d 664 (1987). The employee must also claim, and prove, that the injury "(1) arose out of the employment, and (2) occurred in the course of employment. *McNamara* v. *Hamden,* 176 Conn. 547, 550, 398 A.2d 1161 (1979)." *Luddie* v. *Foremost Ins. Co.,* 5 Conn. App. 193, 195, 497 A.2d 435 (1985). There must also be adequate notice to the employer, within the statutory period. General Statutes § 31-294; *Vegliante* v. *New Haven Clock Co.,* 143 Conn. 571, 580, 124 A.2d 526 (1956). Finally, the employer's liability to compensate the employee must be established. There are only three ways to fix an employer's liability: first, by the employer's failure to contest liability within twenty days of receiving notice of the injury as required by General Statutes § 31-297 (b); see *Bush* v. *Quality Bakers of America,* 2 Conn. App. 363, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984), and cases cited therein; second, by the commissioner's approval of a written voluntary agreement entered into by the employer and employee pursuant to General Statutes § 31-296; and third, where the employer contests liability and the parties fail to reach an agreement, by the adjudication of the claim by the

workers' compensation commissioner and the granting of an award to the employee.[2]

The plaintiff disregards all of these requirements, claiming that the exclusive remedy provisions of the Workers' Compensation Act control only her right to proceed against her employer and do not prohibit the bringing of this action against the employer's insurer. Whether or not this assertion is accurate; see *Coollick* v. *Windham,* 7 Conn. App. 142, 148, 508 A.2d 46 (1986); the plaintiff's claim must fail in light of the fact that her complaint did not sufficiently allege that her entitlement to workers' compensation benefits had attached. At the time the plaintiff filed her complaint, the insurer's duty to pay compensation had not yet arisen.[3]

There is no error.

In this opinion the other judges concurred.

---

[2] If the employer elects to exercise his statutory right to contest his liability to pay compensation, a hearing must be held. General Statutes § 31-297. At this hearing, "the plaintiff has the burden of proving that his injuries were sustained in the course of his employment and that they arose out of that employment." *Dombach* v. *Olkon Corporation,* 163 Conn. 216, 221, 302 A.2d 270 (1972).

[3] To presume that the defendant's obligation to initiate payments could possibly arise before the employer's liability to compensate had been established, is contrary to the tenets and principles of insurance law. "The liability of the insurer can be no greater than that of the insured employer. The measure of a compensation insurer's liability under a policy issued under and pursuant to [the workers' compensation] statutes is the employer's liability to the injured employee under the compensation act." 15A G. Couch, Insurance 2d (1983) § 56:53, p. 80.