[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE (#114)
In this case the plaintiff, Kenneth Lionello, has filed a negligence claim against Arthur Santano, for injuries sustained by the plaintiff as a result of an automobile accident involving a vehicle driven by Santano and rented from the codefendant, Rental Car Resources, Inc. ("Rental Car"). The second count of the plaintiff's complaint alleges that the defendant Rental Car is liable for the negligence of Santano pursuant to General Statutes 14-154a, which holds the owners of a motor vehicle liable for any injury caused by one who rents or leases such motor vehicle.
The defendant Rental Car has filed a third-party complaint directed against the third-party defendant, Mary Ann Tiso, alleging in the first count that the defendant Rental Car entered into a rental contract with Tiso for lease of an automobile, and that on August 25, 1990, the codefendant Santano, who was driving the rented vehicle, negligently collided with the plaintiff's motor vehicle, thereby causing injury to the plaintiff. The first count further alleges that the plaintiff has filed a negligence claim against the defendant and that the defendant is entitled to indemnification from Tiso for any judgment rendered against it as a result of the plaintiff's claim.
Before the court is a motion to strike the first count of the defendant's third-party complaint on the ground that defendant Rental Car has failed to allege a legally sufficient CT Page 8928 claim for indemnification. In particular, Tiso contends that the defendant fails to sufficiently allege that Tiso retained exclusive control over the situation when the alleged negligence occurred. The defendant has filed a memorandum in opposition to Tiso's motion to strike, contending that exclusive control has been sufficiently alleged.
A motion to strike filed pursuant to Practice Book 152 challenges the legal sufficiency of the pleading; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); and is properly granted where the pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988).
The first count of the third-party complaint asserts a claim for indemnification against Tiso based upon Tiso's primary negligence. The first count alleges that the lease agreement entered into between the defendant Rental Car and Tiso "did not list any additional drivers [other than Tiso]," that the plaintiff's injuries are "attributable to the negligence and carelessness . . . of the defendant Arthur Santano," and that "the defendant Arthur Santano was in sole control of the operation of the [vehicle] . . . on the date of the alleged incident . . . [and the defendant Rental Car] had no reason to know of the alleged negligence and carelessness of the defendant Arthur Santano. . . ."
The third-party defendant Tiso now moves to strike the first count for failure to allege all four of the elements required for indemnification as proscribed by Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 412, 207 A.2d 732 (1965), and its progeny.
A claim for indemnification grounded in tort requires that the defendant third-party plaintiff allege:
 (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
CT Page 8929
Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990), quoting Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 633, 535 A.2d 357 (1988), Kaplan, 152 Conn. 416.
The first count of the third-party complaint fails to allege that Tiso had exclusive control of the situation that caused the plaintiff's injuries, and in fact alleges that the defendant Arthur Santano was in sole control of the operation of the vehicle.
Accordingly, since exclusive control of the situation by Tiso is not alleged, the motion to strike the first count of the third-party complaint is granted.
HADDEN, J.