[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (NO. 105)
September 7, 1993, the plaintiff, Thomas Rotz, filed a seven-count complaint which names as defendants Middlesex Mutual Assurance Company and its employee, William Dillon, a claims adjuster. The plaintiff alleges that he sustained a back injury during the course of his employment, and as a result, is entitled to receive workers' compensation benefits. The defendants have contested the plaintiff's right to receive such benefits on the grounds that the plaintiff's injury was not sustained during the course of his employment, and that the plaintiff failed to give his employer proper notice of his intention to file a workers' compensation claim. While the plaintiff alleges that a hearing was held before a commissioner, he does not allege that the commissioner reached a decision with respect to the plaintiff's right to receive benefits.
In the first count of his complaint the plaintiff alleges that the defendants acted in bad faith in handling the plaintiff's claim. In the second count the plaintiff alleges that defendants' conduct constitutes an unfair insurance practice. In the third count the plaintiff alleges that the defendants' conduct constitutes a violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110b et seq. ("CUTPA"). In the fourth count the plaintiff asserts a breach of contract claim against the defendants. In the fifth count the plaintiff asserts a claim for intentional misrepresentation. In the sixth count the plaintiff alleges that the defendants' conduct "constitutes a violation of public policy." In the seventh count the plaintiff asserts a conversion claim against the defendants. CT Page 10977
On September 10, 1993, the defendants filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. The defendants argue that the plaintiff has failed to exhaust his administrative remedies, and that there is no issue or controversy that is ripe for adjudication with respect to the defendants' handling of the plaintiff's claim for benefits. The plaintiff filed a memorandum in opposition on November 1, 1993, and a supplemental memorandum in opposition on November 22, 1993.
A motion to dismiss properly contests the trial court's jurisdiction, "asserting that the plaintiff cannot, as a matter of law and fact, state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera,207 Conn. 420, 427, 541 A.2d 1216 (1988). Failure to exhaust an adequate administrative remedy goes to subject matter jurisdiction. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556, 529 A.2d 66 (1987).
In support of their motion, the defendants argue that the court lacks subject matter jurisdiction to hear the plaintiff's claims because the plaintiff fails to allege that he is entitled to receive workers' compensation benefits.
 Entitlement to workers' compensation benefits does not attach upon a mere request for payment. There must first be an injury . . . . The employee must also claim, and prove, that the injury "(1) arose out of the course of the employment, and (2) occurred in the course of employment . . . ." There must also be adequate notice to the employer, within the statutory period. General Statutes 31-294. . . . Finally, the employer's liability to compensate the employee must be established. There are only three ways to fix an employer's liability: first, by the employer's failure to contest liability within twenty days of receiving notice of the injury . . .; second, by the commissioner's approval of a written voluntary agreement entered into by the CT Page 10978 employer and the employee . . .; and third, where the employer contests liability and the parties fail to reach an agreement, by the adjudication of the claim by the workers' compensation commissioner and the granting of an award to the employee.
(Citations omitted.) (Emphasis added.) Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 212-13, 535 A.2d 390
(1988).
In the present case, the plaintiff has not alleged or established that he is entitled to receive workers' compensation benefits, either pursuant to an award by the workers' compensation commissioner or otherwise. Such an allegation must be made in order to state a legally sufficient claim against an insurer based on the insurer's failure to pay benefits. See, e.g., Carpentino v. Transport Ins. Co., 609 F. Sup. 556, 558
(D.Conn. 1985) (parties entered into a voluntary agreement whereby insurer agreed to pay benefits to plaintiff); Bariko v. Travelers Ins. Co., 8 CTLR 316 (March 8, 1993, Ballen, J.) (parties to the action had entered into a voluntary agreement, approved by the commissioner, whereby insurer agreed to pay benefits to plaintiff). "It follows logically that there is no legal basis for holding an employer or his insurer liable for challenging an employee's right to receive Workers' Compensation [benefits] when [General Statutes 31-297 (b)] foresees and allows such a challenge." Ciarleglio v. Fireman's Fund Insurance Co., D.N. 276028, Superior Court, judicial district Fairfield at Bridgeport, March 30, 1992 (McGrath, J.), memorandum of decision at pp. 6-7. Thus, an employee must first establish his right to receive workers' compensation benefits before he can seek economic and punitive damages based on allegations that the insurer engaged in misconduct with respect to either the handling, settlement, or payment of the employee's claim. While the plaintiff's failure to allege in his complaint that he has been awarded workers' compensation benefits implicates the legal sufficiency of his complaint, such failure does not implicate the court's subject matter jurisdiction, this court clearly has the power to hear and adjudicate claims of insurer misconduct, breach of contract, CUTPA, and conversion.
The defendants further argue that the plaintiff has failed to exhaust his administrative remedy because the workers' CT Page 10979 compensation commissioner has not yet rendered a final decision with respect to the plaintiff's claim for benefits. In response, the plaintiff argues that his administrative remedy is inadequate, because a workers' compensation commissioner is not empowered to adjudicate claims of insurer misconduct.
The doctrine of exhaustion leaves to the agency questions over which the agency has primary jurisdiction. Cahill v. Board of Education, 198 Conn. 229, 241-42, 502 A.2d 410 (1985). However, where an administrative remedy is inadequate or futile, the exhaustion doctrine does not apply, and the court may hear the matter. Id., 241. "[T]he various Workers' Compensation Acts were not intended or designed to compensate" a claimant for an insurer's intentional misconduct in failing to settle or pay a claim for workers' compensation benefits. Carpentino v. Transport Ins. Co., supra, 561.
In the present case, the plaintiff's right to receive workers' compensation benefits has not been established. Also, since the workers' compensation commissioner has not yet rendered a decision, the plaintiff has not exhausted his administrative remedy with respect to his claim for benefits. While a decision has not yet been rendered with respect to the plaintiff's right to receive benefits, a workers' compensation commissioner could not adjudicate the plaintiff's claims of insurer misconduct. Thus, the plaintiff's failure to exhaust his administrative remedy does not constitute a ground for dismissing the case at bar, as his administrative remedy is inadequate with respect to his claims of insurer misconduct.
Accordingly, the defendants' motion to dismiss is denied.
BALLEN, J.