[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By way of an amended complaint filed February 4, 1994, the plaintiff seeks to foreclose a mechanic's lien on the defendants' residence. The plaintiff alleges that plaintiff and defendants entered into a contract whereby the plaintiff would construct an addition over the garage of the defendants' residence. The plaintiff alleges that he began performance, but that the defendants failed to allow him to complete the contract and have failed to pay the plaintiff the balance of the contract price. The plaintiff alleges that he filed a mechanic's lien on the property in order to secure the balance due for the fair market value of the labor and services rendered.
On July 22, 1994, the defendant Joaquim Martins filed an answer denying the material allegations of the plaintiff's complaint. Mr. Martins also filed a pleading entitled "Special Defense — By Way of Counter Claim."[1] The defendant alleges that the plaintiff failed to complete the work on the house as required by the contract between them, that he failed to perform CT Page 12662 several specific requirements of the contract, that he failed to follow the building plans for the addition, and that he failed to perform the contract in a workman-like manner. The defendant alleges that he will be required to expend $7,000.00 in order to complete the addition in accordance with the agreement between the plaintiff and defendant, and the defendant claims the $7,000.00 as damages.
The plaintiff has filed a motion to strike the counterclaim on the ground of legal insufficiency. The plaintiff argues that the counterclaim is legally insufficient because it fails to allege that the parties had a contract or that the defendant performed in a negligent manner.
Practice Book § 152 provides that "[w]henever any party wishes to contest the (1) legal sufficiency of the allegations of a . . . counterclaim . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or parts thereof."
 "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982); Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992).
As noted above, the plaintiff argues that the defendant has failed to properly frame a cause of action based on breach of contract, because the defendant has not alleged a contract between the plaintiff and the defendant. "In pleading an action for breach of contract, [the party] must plead: 1) the existence of a contract or agreement; 2) the [opposing party's] breach of the contract or agreement; and 3) damages resulting from the breach." Chem-Tek, Inc. v. General Motors Corporation,816 F. Sup. 123, 131 (D.Conn. 1993), citing O'Hara v. State, 218 Conn. 628,590 A.2d 948 (1991). In the last, unnumbered CT Page 12663 sentence of the third paragraph, the defendant alleges that he "has been and will be obliged to expend the sum of $7,000.00 to properly complete said house in accordance with the agreement with the plaintiff and to repair defects and omissions in the work done." The preceding paragraphs specify the defective performance and the requirements of the contract not complied with by the plaintiff. Construed most favorably for the defendant, that the defendant has sufficiently stated a cause if action for breach of contract. A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987). Accordingly, the plaintiff's motion to strike the defendant's counterclaim is denied.
/s/ Sylvester, J. SYLVESTER