[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs allege that they were injured when the defendant's bus in which they were passengers was involved in a collision while traveling on a New York highway. The plaintiffs allege that the accident was caused by the negligence and recklessness of the defendant operator of the bus, and in the prayer for relief, the plaintiffs seek double or treble damages pursuant to Connecticut General Statutes § 14-295.
The defendants filed a motion to strike the portion of the prayer for relief based on Connecticut General Statutes § 14-295, on the ground that the plaintiffs have not alleged the requisite statutory violations on which to base a claim for statutory double or treble damages pursuant to Connecticut CT Page 12950 General Statutes § 14-295. In addition, the defendants argue that Connecticut General Statutes § 14-295 is limited to injuries occurring on Connecticut highways.
A motion to strike properly challenges "the legal sufficiency of any prayer for relief." Practice Book § 152(2)
 In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982); Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
Novametrix Medical Systems. Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992).
General Statutes § 14-295 dictates that
 [i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
Although General Statutes § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on recklessness"; Spencer v. King,10 Conn. L. Rptr. 48, 49 (October 18, 1993, Higgins, J.); the plain language of the statute expressly "requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages." Id.; see also Ogletree v. Brown, 12 Conn. L. Rptr. 272, 273 (Lewis J., July 29, 1994). The current version of General CT Page 12951 Statutes § 14-295] requires the plaintiff to allege that the defendant `deliberately' or `with reckless disregard' violated the particular trigger statute, and that the violation was a `substantial factor' causing the injury.
The plaintiff's complaint does not contain specific allegations that the defendants deliberately or with reckless disregard violated any of the trigger statutes enumerated in General Statutes § 14-295, i.e. General Statutes sections14-218a, 14-219, 14-222, 14-227a, 14-23014-234, 14-237, 14-239
or 14-240a. Accordingly, because the plaintiff failed to allege a violation of any of the triggering statutes, the plaintiff's prayer for relief based on General Statutes § 14-295 is legally insufficient. Accordingly, the defendants' motion to strike the section of the plaintiff's prayer for relief seeking double or treble damages based on General Statutes § 14-295 should be granted. Based on this result, it is unnecessary for the court to reach the other issues raised by the defendants' motion to strike.
The defendants' motion to strike is granted.
WILLIAM J. SULLIVAN, J.