[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this case, in which the plaintiff has sued on a note, has alleged special defenses reciting that "by not offering the defendant a loan workout plan and by not lowering the defendant's interest rate and by not negotiating in good faith, the plaintiff has breached its covenant of good faith and fair dealing."; and also by not doing either of these things that the plaintiff has violated the Connecticut Unfair Trade Practices CT Page 6023-A Act. None of these so-called special defenses, which are set out in three parts, allege any facts at all on which these claims are based. No facts are set out which would give rise by inference to a duty. The defendant alleges no duty arising out of the loan documents, nor does the defendant alleges that any legal or equitable duty existed by which the plaintiff was obligated to offer the defendant a loan workout plan or to lower the defendant's interest rate or to negotiate with the defendant regarding the same. In short, there are no facts alleged which might require the plaintiff to accept payment on less favorable terms to the lender than the terms of the note which the defendant signed.
No counter brief has been filed nor has the defendant opposed the motion by any objection filed with the court. A motion to strike is proper. It should be granted where special defenses allege legal conclusions unsupported by facts. Mora v. Aetna Life Casualty Insurance Co., 13 Conn. App. 208, 535 A.2d 390 (1988). For all of these reasons, the motion to strike is granted.
FLYNN, J. CT Page 6023-B