[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 105
On March 14, 1995, the plaintiffs, Janet and Andrew Levitt, filed a revised amended complaint against the defendant, American Economy Insurance Company (Economy), arising out of Economy's alleged bad faith failure to reasonably settle the Levitts' claim for vehicle property damage sustained in April, 1994.
In the third count of the complaint, the Levitts allege that Economy violated CUIPA, General Statutes § 38a-815 et seq., by, inter alia, handling the Levitts' claim in bad faith. In paragraph 7 of the third count, the Levitts recite that Economy "has committed the acts set forth in Paragraph 6 of this Count with such frequency as to indicate a general business practice." The Levitts allege no facts that support this legal conclusion, i.e., evidence of other wrongful settlement incidents.
In the fourth count of the complaint, the Levitts rely on the same factual predicate set forth in count three as a basis for their CUTPA claim under General Statutes § 42a-110b et seq. The only allegations in count four added to the CUIPA claim in count three are that the bad faith allegations "constitute unfair practices in the conduct of trade or commerce . . . ."
On March 29, 1995, Economy filed a motion to strike counts three and four. They base the motion on the ground that the Levitts have not set forth facts establishing that the CUIPA claims are supported by a general business practice. Therefore, Economy postulates that the CUIPA claim is legally insufficient. Furthermore, Economy argues under Mead v. Burns, 199 Conn. 651, CT Page 12393509 A.2d 11 (1986), that since the CUIPA claim must fail, the CUTPA claim must also be stricken as it is based on the same factual scenario alleged to support the CUIPA claim.
On April 6, 1995, the Levitts filed an objection to the motion to strike, arguing that their allegation stating Economy is involved in a "general business practice" of bad faith claim handling is viable under CUIPA; therefore, their CUTPA claim is also legally sufficient.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992); Practice Book § 152. "In considering the ruling upon the motion to strike, [the court is] . . . limited to the facts alleged in the complaint." King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985). The court, however, is not bound by the legal conclusions contained in the complaint.Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding the motion "[t]he court must construe the facts in the complaint most favorably to the plaintiff"; NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; and examine the allegations in the light most beneficial to sustaining the sufficiency of the pleading. Michaud v. Wawruck,209 Conn. 407, 408, 551 A.2d 738 (1988).
Our Supreme Court has held that in order to establish a cause of action under CUIPA, "the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by § 38a-816(6)." Lees v. MiddlesexIns. Co., 229 Conn. 842, 849, 643 A.2d 1282 (1994).
The Levitts have alleged that Economy commits bad faith acts as a general business practice. They have not, however, alleged any facts to support their legal conclusion that Economy is involved in such an unscrupulous general business practice. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,
supra, 224 Conn. 215. "For . . . [the Levitts'] complaint to withstand a motion to strike, these [general business practice] allegations must contain facts supporting the legal conclusions CT Page 12394 and not simply bare legal conclusions. See Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988) (`[a] motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts')."Interlude v. Skurat, Superior Court, Judicial District of Danbury, Docket No. 31 91 18, pp. 4-5 (September 1, 1995, Stodolink, J.).
Since the allegations contained in count three of the Levitts' complaint do not set forth the facts upon which they premise their conclusion that Economy's activities amount to a general business practice, the court grants Economy's motion to strike count three. Interlude v. Skurat, supra, p. 2. Furthermore, since the factual predicate for count three is incorporated by reference into count four, alleging a CUTPA violation, Economy's motion to strike count four is also granted. See Lees v. Middlesex Ins. Co., supra, 229 Conn. 851, citingMead v. Burns, supra, 199 Conn. 666 ("[b]ecause the plaintiff's evidence was insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a `general business practice,' the plaintiff's CUTPA claim could not survive the failure of her CUIPA claim").
Accordingly, the court grants Economy's motion to strike counts three and four of the Levitts' complaint.
Stodolink, J.