[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Defendant Maryland Casualty Co. moves to strike plaintiff Landel Brown's fourth revised complaint. The previous complaints were stricken on the ground the plaintiff had failed to allege a cause of action against the defendant insurer. The plaintiff's claims against the insurer are contingent on the factual premise he is entitled to workers' compensation benefits. See Mora v. AetnaLife Casualty Ins. Co., 13 Conn. App. 208, 535 A.2d 390 (1988). In the first three complaints, the plaintiff failed to allege that he was entitled to benefits. The plaintiff now alleges in paragraphs 23(k) through (o) that the defendant failed to provide a voluntary agreement. These allegations are still insufficient to establish an obligation on the part of the defendant to provide the CT Page 4255-G plaintiff with workers- compensation benefits.
The plaintiff argues that his claims against the defendant insurer are based upon tortious conduct which falls outside of the exclusive remedy provisions of the Workers' Compensation Act. The plaintiff relies upon Carpentino v. Transport Insurance Co.,609 F. Sup. 556 (D.C. Conn. 1985). The court in Carpentino held that a claim based on intentional tortious acts may survive the exclusivity provisions of the Workers' Compensation Act. Id., at 561-62. The plaintiff in Carpentino, however, alleged that the insurer had violated a statute by unilaterally terminating benefits which had been established under a voluntary agreement. In the present case, the plaintiff's allegations are insufficient to infer entitlement to workers' compensation benefits.
The motion to strike is granted.
THIM, JUDGE