[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#116)
On April 18, 1994, the plaintiff, John Marella, filed a seven count complaint against the defendants, Seaco Insurance Co. and Reilly's Adjusting Service, alleging bad faith, violation of the Connecticut Unfair Trade Practices Act (CUTPA), violation of the Connecticut Unfair Insurance Practices Act (CUIPA), breach of contract, breach of oral contract, violation of public policy and conversion. The plaintiff alleges that, on May 21, 1992, he was an employee of Adriana's Restaurant at which time he suffered a back injury which required him to remain out of work. The plaintiff further alleges that he requested temporary total disability payments under workers' compensation, which the defendants denied, claiming that the plaintiff's injuries were not connected to his employment.
The defendants filed a motion for summary judgment on February 16, 1996, on the ground that the plaintiff is barred from recovery based upon the legal insufficiency of the complaint. The defendants also filed a memorandum of law and documentary evidence in support. The plaintiff filed a memorandum, an affidavit and documentary evidence in opposition on April 29, 1996.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665 646 A.2d 143 (1994).
The defendants maintain that in order to bring a bad faith CT Page 4519 claim the employee must establish that he is entitled to receive workers' compensation benefits. The plaintiff contends that he is entitled to workers' compensation benefits.
The defendants rely on Rotz v. Middlesex Mutual, Superior Court, judicial district of Fairfield at Bridgeport, Docket No., 307488 (December 16, 1993) (Ballen, J.), in which this court held that "[a]n employee must first establish his right to receive workers' compensation benefits before he can seek economic and punitive damages based on allegations that the insurer engaged in misconduct with respect to either the handling, settlement, or payment of the employee's claim. "There are only three ways to establish an employer's liability: first, by the employer's failure to contest liability within twenty days of receiving notice of the injury as required by General Statutes § 31-297 (b); . . . second, by the commissioner's approval of a written voluntary agreement entered into by the employer and employee pursuant to General Statutes § 31-296; and third, where the employer contests liability and the parties fail to reach an agreement, by the adjudication of the claim by the workers' compensation commissioner and the granting of an award to the plaintiff." (Citation omitted.) Morav. Aetna Life Casualty Insurance Co., 13 Conn. App. 208, 212-13,535 A.2d 390 (1988).
The defendants argue that because the plaintiff has not alleged his employer's liability pursuant to any of the three enumerated methods his claim in bad faith is legally insufficient. However, when contesting the legal sufficiency of a complaint on a motion for summary judgment, the moving party must meet the standard applicable to a motion for summary judgment, not that standard used on a motion to strike. Putnam Resources v. FrenkelCo., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 123838 (July 10, 1995) (Karazin, J.). The plaintiff has repeatedly alleged throughout his complaint that he is entitled to benefits under the workers' compensation act. Moreover, the plaintiff has presented evidence of a voluntary agreement approved by the worker's compensation commissioner. Therefore, the plaintiff's action in bad faith against the defendants is legally sufficient in the context of a motion for summary judgment.
The defendants next contend that the second and third counts of the plaintiff's complaint are legally insufficient in that the plaintiff has alleged that the defendants engaged in wrongful conduct "with such frequency to indicate a general business CT Page 4520 practice" under General Statutes § 38-61 (6).
The Supreme Court stated in Lees v. Middlesex Insurance Co.,229 Conn. 842, 849, 643 A.2d 1282 (1994) that "[i]n requiring proof that the insurer has engaged in unfair claim settlement practices `with such frequency as to indicate a general business practice,' the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Footnote omitted.)
In counts two and three the plaintiff has alleged that "the [d]efendants . . . have acted as aforesaid on other occasions such that its conduct appears to be a general business practice to discourage Workers' Compensation claims . . . ." The defendants argue that this is legally insufficient. However, they have failed to submit any evidence to contradict the plaintiff's allegation. Therefore, as discussed above, the defendants have not met the standard required on a motion for summary judgment, and under that standard, the plaintiff has sufficiently alleged a general business practice. Furthermore, as the plaintiff has sufficiently alleged a claim in CUIPA he has also sufficiently alleged a cause of action in CUTPA. See Lees v. Middlesex Insurance Co., supra, 229 Conn. 850-51.
The defendants further argue that the plaintiff cannot recover counts four and five, alleging breach of contract and breach of oral contract, in that the plaintiff was a third party beneficiary and not an insured.
The defendants rely upon Carroll v. Safeco Insurance Co.,
Superior Court, judicial district of Waterbury, Docket No. 11775011 Conn. L. Rptr. 271 (April 5, 1994) (Sullivan, J.); DeCormier v.Grange Mutual Casualty Co., Superior Court, judicial district of New London at New London, Docket No. 525835, 10 Conn. L. Rptr. 258 (October 18, 1993) (Hurley, J.); and, DeVillegas v. Quality Roofing, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 29419010 Conn. L. Rptr. 487 (December 1, 1993) (Freedman, J.) in which the courts held that claims of unfair settlement practices can only be brought by insureds, not by a third party. None of these cases deal with workers' compensation. General Statutes § 31-340 provides in pertinent part that "[e]very such [workers' compensation] policy shall contain an agreement by the insurer to the effect that the insurer shall be directly and primarily liable to the employee . . . ." In Bariko v.Travelers Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 291652, 8 Conn. L. Rptr. 316 (February 1, 1993) (Ballen, J.) this court determined that this language, along with the CT Page 4521 allegations of the complaint presented a legally sufficient cause of action in breach of contract. Therefore, in the context of a workers' compensation claim the injured employee is the insured.
Finally, the defendants contend that the plaintiff cannot prevail on count six, alleging a violation of public policy, and count seven, alleging conversion, because the defendants never had an obligation to pay the plaintiff. However, as discussed above, the plaintiff has alleged that he is entitled to workers' compensation benefits, and has also presented evidence of an agreement to pay workers' compensation. Therefore, there is a genuine issue of material fact as to whether the plaintiff is entitled to workers' compensation benefits. Accordingly, the defendants' motion for summary judgment is denied as to all seven counts of the plaintiff's complaint.