[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE(DOCKET ENTRY NO. 101)
On December 23, 1996, the plaintiff, Theodore Sanon, filed this action against the defendant, Sedgewick James of New York. The defendant is the workers' compensation insurance carrier for the plaintiff's employer. The plaintiff filed a workers' compensation claim which is currently pending before the workers' compensation commission (Commission), and the defendant filed a timely notice contesting liability for the claim. The complaint does not allege that the employer's liability to pay the claim has been established.
The five count complaint arises out of the defendant's alleged mishandling of the plaintiff's workers' compensation claim. The five count complaint alleges: (1) intentional interference with the plaintiff's right to receive workers' compensation benefits; (2) reckless breach of the plaintiff's contractual and statutory rights; (3) bad faith; (4) violations of CUIPA; and (5) violations of CUTPA.
On January 31, 1997, the defendant moved to strike the complaint on the following grounds: the action is premature because the complaint fails to allege that the plaintiff is entitled to an award of benefits; the claims for breach of contract, recklessness and bad faith are barred by the exclusivity provision of the Workers' Compensation Act; the claim for bad faith is barred because the complaint fails to allege that the CT Page 5674 plaintiff had a contract with the defendant; the CUIPA claim is legally insufficient because CUIPA does not provide a private cause of action; and the CUIPA and CUTPA counts do not allege multiple acts of unfair settlement practices by the defendant.
On February 10, 1997, the plaintiff filed a memorandum in opposition claiming that the exclusivity provision of the Act does not bar a claim for tortious conduct arising out of the processing of a workers' compensation claim. Each party also filed a supplemental memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992)
Counts One, Two and Three
The first three counts of the plaintiff's complaint allege various causes of action based upon the defendant's intentional interference with the plaintiff's right to receive workers' compensation benefits. Each count is contingent upon the defendant's obligation to pay benefits. Nevertheless the complaint fails to allege that the employer's obligation to pay benefits has been established.
The Workers' Compensation Act (Act) provides the exclusive jurisdiction for determining whether an employer is obligated to pay workers' compensation benefits to an employee. An employer is obligated to pay benefits only when:
 (1) the employer fails to timely contest liability for the claim; General Statutes § 31-297 (b);
 (2) the Commissioner approves a written voluntary agreement between the employer and the employee; General Statutes § 31-296;
 (3) the Commission formally adjudicates the claim and grants the employee an award of benefits; Mora v. Aetna Life Casualty Insurance Company, 13 Conn. App. 208, 212-13, 535 A.2d 390 (1988); and CT Page 5675
 (4) the employer and employee adopt a written recommendation of the Commissioner as the result of an informal hearing; General Statutes § 31-297a.
See Stabile v. Southern Connecticut Hospital Systems, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (Oct. 31, 1996) (18 Conn. L. Rptr. 157).
"Entitlement to workers' compensation benefits does not attach upon a mere request for payment." Mora v. Aetna Life Casualty Ins. Co., supra, 13 Conn. App. 212. An employer has the right to contest a claim for benefits. General Statutes §31-297 (b). To demonstrate an entitlement to benefits, an employee must establish the employer's obligation, under the Act, to pay the benefits. Mora v. Aetna Life Casualty Insurance Company,
supra, 212. Unless an employee can demonstrate an entitlement to benefits, a civil action alleging tortious interference with the collection of benefits is premature, and must fail as a matter of law. Id., 213; Stabile v. Southern Connecticut Hospital Systems,Inc., supra, 18 Conn. L. Rptr. 157. Cf. Carpentino v. TransportIns. Co., 609 F. Sup. 356 (D.Conn. 1985) (motion to strike denied where complaint alleged an entitlement to benefits).
The first three counts of the plaintiff's complaint do not allege that the plaintiff is entitled to benefits under the Act. Therefore, the defendant's motion to strike the first three counts of the plaintiff's complaint is granted. Because the court agrees with the defendant's first ground asserted in support of striking counts one through three, it does not consider the remaining grounds asserted by the defendant.
Count Four
The defendant also asserts two grounds for striking the fourth count, alleging CUIPA: (1) it fails to allege facts which demonstrate a "general business practice" by the defendant; and (2) CUIPA does not provide a private cause of action.
"[A] claim under CUIPA predicated upon alleged unfair claim settlement practices in violation of [General Statutes] § 38a-816
(6) requires proof that the unfair settlement practices were committed or performed `with such frequency as to indicate a general business practice.' Mead v. Burns, 199 Conn. 651,509 A.2d 11 (1986). . . . In requiring proof that the insurer has engaged CT Page 5676 in unfair claim settlement practices `with such frequency as to indicate a general business practice,' the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. . . . [T]he defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by § 38a-816 (6)." (Citations omitted; footnotes omitted.) Lees v. Middlesex Ins.Co., 229 Conn. 842, 847-49, 643 A.2d 842 (1994).
The court must consider the facts which are necessarily implied and fairly provable under the allegations of the complaint, but need not consider legal conclusions alleged therein. S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215.
The fourth count does not allege any facts which demonstrate that the defendant engaged in unfair claims settlement practices, except in the processing of the plaintiff's claim. Because count four fails to provide factual support for the plaintiff's conclusion that the defendant has engaged in a `general business practice,' the CUIPA count is legally insufficient. Therefore, the defendant's motion to strike count four is granted. Because the court agrees with the defendant's first ground for striking the CUIPA count, it does not address the issue of whether CUIPA provides a private cause of action.
Count Five
Finally, the defendant argues that the court should strike the fifth count, alleging a CUTPA violation, because it fails to allege a "general business practice."
"[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by [General Statutes] § 38a-816 (6) requir[es] proof, as under CUIPA, that the unfair settlement practice ha[s] been committed or performed, by the defendant `with such frequency as to indicate a general business practice.'" Lees v. MiddlesexIns. Co., supra, 229 Conn. 850. The Connecticut Supreme Court has CT Page 5677 concluded that "a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that the definition of unacceptable insurer conduct in § 33a-316 (6) reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." (Alterations in original; citations omitted; internal quotation marks omitted.) Id., 850-51.
Count five alleges a violation of CUTPA based upon the public policy embodied in CUIPA, but fails to allege specific facts demonstrating misconduct on the part of the defendant in handling any claims other than the plaintiff's. Therefore, the motion to strike the fifth count is granted because it fails to allege facts necessary to support the allegation that the defendant engaged in unfair settlement practices with such frequency as to indicate a general business practice.
For the foregoing reasons, the defendant's motion to strike all five counts of the plaintiff's complaint is granted.
SKOLNICK, J.