[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE #107 MOTION TO STRIKE # 109 MOTION TO STRIKE # 110
 FACTS
The plaintiff, Joseph Braca, filed a three-count complaint against the defendants, Cigna Insurance Company (Cigna), ESIS, Inc. (ESIS) and Sikorsky Aircraft Corporation (Sikorsky) on May 24, 1996. The plaintiff alleges that while employed by Sikorsky, he was injured and sought worker's compensation benefits, but that the defendants have failed to provide benefits to the plaintiff. The plaintiff alleges that the defendants' conduct is a breach of the duty of good faith and fair dealing, a violation of the Connecticut Unfair Insurance Practices Act (CUIPA) and a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
Each of the defendants has filed a motion to strike all three counts of the plaintiff's complaint on the ground that the plaintiff has failed to sufficiently allege that he is entitled to worker's compensation benefits. The plaintiff argues that he has properly alleged entitlement, and the issue of whether he actually is entitled to such benefits is a matter to be resolved on summary judgment.
 DISCUSSION
The purpose of a motion to strike is to contest the legal CT Page 8126 sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. The court must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270 71, ___ A.2d ___ (1998).
ESIS had argued in its memorandum of law, in which argument the other defendants have joined, that the plaintiff has failed to plead entitlement under Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 535 A.2d 390 (1988). The court held inMora that the employee must claim and prove that the injury arose out of the employment and occurred in the course of employment. Id., 212. To allege that entitlement has attached, the plaintiff must allege adequate notice to the employer within the statutory period. Id. Also, the employee must assert the employers liability by alleging (1) the employer's failure to contest liability within twenty days of receiving notice; (2) the commissioner's approval of a written voluntary agreement entered into by the employer and the employee; and where the employer contests liability and the parties failure to reach an agreement, (3) the adjudication of the claim by the workers' compensation commissioner and the granting of an award to the plaintiff. Id., 212-13. The court in Mora held that "the plaintiff's claim must fail in light of the fact that her complaint did not sufficiently allege that her entitlement to workers' compensation benefits had attached." Id., 213.
Similarly, the plaintiff here has failed to allege sufficient facts to allege only that entitlement has attached. The plaintiff has alleged that his injury arose out of his employment and occurred in the course of his employment. The plaintiff, however, has failed to allege facts showing notice or indicating Sikorsky's liability to compensate him. Thus, the plaintiff has failed to allege sufficient facts to state a claim under count one, and because counts two and three are based on the allegations contained in count one, those too are insufficiently pled. Accordingly the defendants' motions to strike the entire complaint is hereby GRANTED.
MELVILLE, JUDGE CT Page 8127