[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Background
This two count action has been brought by the plaintiff, William C. Bieluch, Jr., Esq., against Steven E. Ayres, Esq., sounding in defamation and "blackmail," ¶ 18 of 2nd count of the complaint. At the heart CT Page 5897 of the action is a letter the defendant sent on 8/20/01, which the plaintiff alleges is defamatory and a form of "blackmail." The letter was issued by the defendant as a consequence of his representation of Richard Mazza in a prior probate proceeding. The defendant was previously appointed by the Probate Court to represent Mazza in place of the plaintiff, who had originally represented Mazza.
Law
There is an absolute privilege for statements made in judicial proceedings. Peytan v. Ellis, 200 Conn. 243, 245, 510 A.2d 1337 (1986). A motion to strike a complaint will be granted if the complaint does not state sufficiently a cognizable cause of action. Mora v. Aetna,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
Discussion
It is clear from the allegations of the plaintiff's complaint that the letter of 8/20/01 was made in the context of a prior judicial proceeding. For this reason, the letter is absolutely privileged. Therefore, count one is stricken because it has failed to state sufficiently a cause of action sounding in defamation.
Count two is to be stricken as well. The plaintiff references "blackmail" in this count and seems to claim something akin to tortious interference in the second count. However, there is no civil cause of action for blackmail in Connecticut. Furthermore, the plaintiff has not pleaded nor has he proven, the necessary allegations for tortious interference. Hi-ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 32-33,761 A.2d 1268 (2000). For these preceding reasons, the plaintiff has failed to state sufficiently a cause of action recognized in Connecticut or a cause of action sounding in tortious interference.
Conclusion
The complaint, counts one and two, is stricken.
So Ordered.
THE COURT
DOWNEY, J. CT Page 5901