[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RULING ON DEFENDANT SIKORSKY AIRCRAFT'S MOTION TO STRIKE
The defendant Sikorsky Aircraft moves to strike the third count of plaintiff's compliant. In that count the plaintiff alleges she was employed by Sikorsky Aircraft, and during the course of her employment was assaulted by a co-worker, defendant George Hulton. She further alleges that "[a]fter the defendant, Hulton, caused the injuries to the plaintiff, the defendant, Sikorsky, engaged in a course of action intending to cover up the facts and thwart the plaintiff from seeking just compensation for her injuries and losses."
In its motion, Sikorsky alleges that count three should be stricken because it: (1) fails to state a cognizable cause of action against Sikorsky; (2) fails to allege that Sikorsky's actions caused her any harm; and (3) is barred by the exclusivity provisions of the Workmen's Compensation Act, General Statutes § 31-284.
For all of the reasons proffered by the defendant, its motion to strike is granted. First, assuming the accuracy of plaintiff's allegations, count three fails to assert a cognizable cause of action. The allegation that "Sikorsky engaged in a course of action intending to cover up the facts and thwart the plaintiff from seeking just compensation for her injuries and losses", fails to state a claim upon which relief can be granted. It does not assert a cause of action sounding in tort, contract or any other theory that would permit recovery. See, Mora v. Aetna Lifeand Casualty Ins. Co., 13 Conn. App. 208 (1988).
Second, as defendant accurately points out, count three fails to assert that defendant Sikorsky's action caused plaintiff's injury. In the absence of such allegation, count three cannot survive the defendant's motion to strike.
Finally, plaintiff asserts that she was lawfully and properly at the place of her employment, and that she was assaulted by the defendant Hulton while in the course of her employment. "An intentional tort committed upon the employee by another, which causes personal injury arising out of and in the course of his employment is covered by the compensatory provisions of the Workmen's Compensation Act. Jett v.Dunlap, 179 Conn. 215, 218 (1979). Further, [i]t the assailant can be identified as the alter ego of the corporation, or the corporation has directed or authorized the assault, then the corporation may be liable in common law tort; if the assailant is only an another employee who cannot be so identified, then strict liability provisions provided by the Workmen's Compensation Act are exclusive and cannot be supplemented with common-law damages." Id at 219. Count three of plaintiff's complaint fails to properly allege facts necessary to allow it to avoid the exclusivity bar of § 31-284. CT Page 7597
Accordingly, for the foregoing reasons the defendant's motion to strike is granted.
SO ORDERED.
 ___________________, J. ROBERT L. HOLZBERG