[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The defendants, Deerfield Realty Company and Carabetta Management Company, have moved to strike Counts Five, Six, Seven and Eight of the plaintiff's complaint, as well as, the plaintiff's claim for attorney fees and punitive damages.
In her complaint, the plaintiff alleges that she was injured when she fell on an accumulation of leaves on a common walkway between her apartment and a garbage dumpster. The plaintiff a tenant, alleges that the owner of her apartment, Deerfield Realty, and the company managing the apartments, Carabetta Management, were negligent in that they did not remove the leaves from the walkway; did not inspect the walkway; and did not warn her of the dangerous nature condition of the walkway.
The plaintiff further alleges in Count Five that Deerfield Realty Company, as owner of the apartments, violated the Connecticut Unfair trade Practices Act (CUTPA) by its alleged negligence. She further alleges in Count Six that the defendant, Carabetta Management Company, as the company managing the apartments, violated CUTPA by its alleged negligence. In Counts Seven and Eight, the plaintiff has alleged that both the defendants violated CUTPA by breaching its lease with the plaintiff In all Counts Five, Six, Seven and Eight, the plaintiff has additionally pleaded that the defendants have violated Connecticut General Statutes § 47a-7 by the defendants' failure to keep the common area in a clean and safe condition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co., CT Page 763813 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts."Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
CUTPA provides that no person shall engage in unfair methods of competition and unfair or deceptive acts in the conduct of any trade or commerce. Connecticut General Statutes § 42-110b(a). Normand JosefEnterprises, Inc. v. Connecticut National Bank, 230 Conn. 486, 509
(1994). In determining a CUTPA violation the Connecticut courts have referred to the "cigarette rule" criteria set forth by the Federal Trade Commission, Id., 522. That rule considers the following: (1) whether the practice without necessarily having been previously considered unlawful, offends public policy, as it has been established by statutes, the common law, or otherwise; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers, competitors, or other businessmen. Id., citing Conaway v. Prestia,191 Conn. 484, 492-493 (1983). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lessor extent it meets all three. . . ." Normand Josef Enterprises, Inc. v.Connecticut National Bank, supra, 230 Conn. 522. The plaintiff is not required to plead or prove a series of acts or a pattern of action. InA-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215 (1990), the Supreme Court noted, however that when an alleged CUTPA violation is based solely upon allegations of negligence, it must satisfy more than CT Page 7639 just the first prong of the "cigarette rule." Mere negligence without more does not violate the act. "In order to withstand a motion to strike for legal insufficiency, plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous, or offense to public policy." Chernet v. Townof Wilton, 2 Conn.L.Rptr. 475, 476 (September 28, 1990, Cioffi, J.).
The court must determine whether a walkway covered with leaves so offends public policy that it constitutes a breach of established notions of fairness. In the instant complaint, the plaintiff alleges that an accumulation of leaves on a walkway where she rents premises, caused her to fall and to sustain serious personal injuries.
In recent years the CUTPA statutes have been increasingly used for cases that involve landlord and tenant issues. Connecticut General Statutes § 42-110a(4) defines "trade or commerce" as "the advertising, the sale or rent or lease, the offspring for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." The plaintiff has alleged conduct of the leasing of the apartment, which falls within the statutory definition of "trade or commerce." In Conaway v. Prestia, 191 Conn. 484, 464 (1983) the Connecticut Supreme Court allowed a private action to exist under CUTPA "for the alleged violation of certain landlord and tenant statutes.Kelley Property Development, Inc. v. Lebanon, 226 Conn. 314, 333 (1993). A violation of a regulatory statute satisfies the first and second criteria of the "cigarette rule." Conaway v. Prestia, supra, 191 Conn. 484.
The plaintiff, has alleged in Counts Five, Six, Seven and Eight of her complaint that the defendants have violated Connecticut General Statutes § 47a-7, entitled "Landlord's Responsibilities", which requires, among other things, that the "landlord shall keep all common areas of the premises in a clean and safe condition." The plaintiff also pleads that she suffered economic losses, and serious physical injuries, in order to meet the third criteria or prong of the "cigarette rule."
The defendant argues that these pleadings by the plaintiff do not set forth factual allegations that offend public policy and do not constitute a practice that rises to a level of an immoral, unethical, oppressive or unscrupulous practice. However, while this court is reluctant to label a seasonal accumulation of leaves in those terms, the court recognizes that recent Superior Court decisions have been expanding alleged CUTPA violations to include personal injury actions, which allege violations of Connecticut General Statutes § 47a-7 involving landlords and tenants. Barbara McCarthy v. Jensen's Inc., 197 Conn. Super. LEXIS, 692,Superior Court, Judicial District of New London at New London (March 12,CT Page 76401997, Booth, J.) Levesque v. Williamsburg Associates, 195 Conn. Super.LEXIS, 495, Superior Court, Judicial District of Hartford/New Britain atHartford (February 17, 1995, Sheldon, J.); Angel Hernandez v. RobertKing, et al, 1996 Conn. Super., LEXIS, 211, Superior Court, JudicialDistrict of Hartford/New Britain at Hartford (January 29, 1996,Hennessey, J.), (16 Conn.L.Rptr., 65, 66), Cole v. Labbadia,1994 Conn. Super., LEXIS, 607 Superior Court, Judicial District of Middlesexat Middletown (March 14, 1994, Gaffney, J.); and Bergeron v. DeSimone,1998 Conn. Super. LEXIS, 2795, Superior Court, Judicial District ofDanbury at Danbury (October 2, 1998, Radcliffe, J.).
The Court cannot speculate whether the Connecticut Legislature envisioned the expansion of CUTPA actions into areas such as the factual allegations set forth in the plaintiff's complaint and those set forth in the landlord and tenant cases previously cited. However, without further guidance of the legislature and our appellate courts on this issue, the court "must construe the plaintiff's complaint in a manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471 (1991).
The Court finds that the pleadings set forth by the plaintiff are sufficient to state a cause of action under CUTPA. Therefore, the plaintiff's claims for attorney fees and punitive damages pursuant to Connecticut General Statutes § 42-110g(d) and § 42-110g(a) are also legally sufficient. Accordingly, the motion to strike is denied.
THE COURT
by ______________________ ARNOLD, J.