[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The defendant has filed a motion to strike Count Two of the plaintiff's complaint dated December 6, 2000 on the grounds that the facts alleged in Count Two are legally insufficient to state a claim upon which relief can be granted for reckless conduct and double or treble damages pursuant to General Statutes § 14-295.
The complaint is the result of a motor vehicle accident occurring on or about August 3, 1999, in which the plaintiff claims to have sustained personal injuries. Count One alleges negligence against the defendant in that the defendant made an unsafe lane turn in violation of General Statutes § 14-242 and that the defendant operated her vehicle in an unreasonable, improper and excessive rate of speed in violation of General statutes § 14-218a. Count Two alleges the same facts as Count One and additionally, in Paragraph 7, that the plaintiff's injuries were the result of the "recklessness of the defendant in that she deliberately and/or with reckless disregard operated her said vehicle at an CT Page 7724 unreasonable, improper and excessive rate of speed . . . in violation of General Statutes § 14-218a, which was a substantial factor in causing the plaintiff's injuries."
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of Law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988)
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges Legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985)
The defendant argues that in Count Two the plaintiff has made no specific allegations of recklessness other than to insert the phrase "deliberate" and "reckless disregard" into Paragraph 7 of Count Two. The defendant's position is that a specific allegation setting out the detailed conduct that is claimed to be reckless, must be made in order to clearly inform the defendant of the claims against her.
This court has addressed this issue previously in Stiber v. Adjei, CV00 0070751S, Superior Court, Ansonia/Milford Judicial District, January 3, 2001 (Arnold, J.), and the relevant citations contained therein. This CT Page 7725 court continues to adopt its position that all that is required under General Statutes § 14-295 is that the plaintiff pleads another party has operated a motor vehicle deliberately or with a reckless disregard in violation of certain statutory sections. If the plaintiff does so, the trier of fact may award double or treble damages.
Accordingly, the motion to strike Count Two of the plaintiff's complaint is denied.
 The Court By Arnela, J.