[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE APPORTIONMENT COMPLAINT (#111)
The possibility of a diminished recovery because of the lack of financial responsibility on the part of an apportionment defendant is sufficient to confer standing upon the plaintiff to bring this motion. A plaintiff should not be forced to add as a direct defendant a party who may not be able to satisfy a judgment against it. A plaintiff should be able to control his/her own trial strategy. A defendant may protect its elf by seeking indemnification. Thus, equities dictate that the plaintiff has standing. Also, see Eskin v. Castiglia, 23 Conn.L.Rptr., No. 19, 677 (April 5, 1999), aff'd 253 Conn. 516 (2000).
There is no question from the face of the apportionment complaint under attack that the alleged duty owed by the apportionment defendant contractor is the same as that owed by the apportionment plaintiff owners. There is absolutely no claim expressly or by inference that the breach of duty is any different for either. The allegations of the apportionment complaint invoke the same duty breached in the same way. No reasonable construction of the allegations of the apportionment complaint could be otherwise even when read most favorably to the apportionment plaintiff. The factual allegations of the apportionment complaint cannot CT Page 9153 be challenged on a motion to strike. In this regard, the apportionment plaintiffs cannot challenge their own allegations, at least by incorporation of the original complaint, that Barberino Real Estate, Inc., is an owner to whom a non-delegable duty has attached.
Gazo v. Stamford, 255 Conn. 245, 249, fn. 4 (2001) is irrelevant to the issue of apportionment. That footnote deals only with the scope of a direct duty and does not involve the relationship between owner and contractor.
The Gaza court did note that if an apportionment defendant were to be held liable directly to the plaintiff based upon a contractual assumption of an apportionment plaintiffs duty of care, as here, the apportionment plaintiff would be vicariously liable for the negligence of the apportionment defendant. As long as the apportionment defendant, while acting within the scope of his contractual obligation, creates a defective condition, the apportionment plaintiff is vicariously responsible because he has a non-delegable duty to keep the premises safe.
In short, vicarious liability precludes apportionment. While the language of Gazo may be dicta on the issue at hand, it does inform its resolution:
 General Statutes § 52-572h (c) provides: "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section." This provision "replaced the common-law rule of joint and several liability with a system of apportioned liability that holds each defendant liable for only his or her proportionate share of damages." Nash v. Yap, 247 Conn. 638, 645, 726 A.2d 92 (1999). That provision, however, proceeds on the premise that the defendants, between or among any of whom liability is apportioned, are at least potentially liable in differing proportions. It does not apply, therefore, to a case of vicarious liability of one defendant for the conduct of another. Thus, as Pierni pointed out in oral argument before this CT Page 9154 court, § 52-572h (c) does not apply, for example, when the two defendants are a servant and his master who is vicariously liable for his servant's tortious conduct. Consequently, in the present case, if Pierni were to be held liable to the plaintiff based on his contractual assumption of Chase Bank's duty of care to the plaintiff, in effect Chase Bank's liability would be tantamount to a form of vicarious liability for Pierni's conduct. In that circumstance, there would be no revival of joint and several liability inconsistent with § 52-572h (c).
Id., p 258.
Also, see Sibilla v. Savin Harbor Condominium Association, Judicial District of New Haven, at New Haven, Docket No. CV00-0445433, LicariJ(June 26, 2001).
Motion Granted.
Licari, J