[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
CT Page 17121
The plaintiff has filed a motion to strike the substitute apportionment complaint filed by the defendant Barberino Real Estate, purporting to apportion its liability with the apportionment defendant D.L. Hahn Landscaping who provided snow removal services on the subject premises.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . ., to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
The plaintiff argues that the issues confronting this court are the subject of a decision filed on July 16, 2001. Sutphin v. Barberin RealEstate, 2001 Conn. Sup. 9152, Superior Court, Judicial District of NewHaven at New Haven, (July 16, 2001) (Licari, J.). In that decision the CT Page 17122 court granted the plaintiff's motion to strike the original apportionment complaint. The court has reviewed the substitute apportionment complaint dated July 30, 2001 and finds that the duty of the apportionment defendant is the same duty of the defendant. The court agrees with the plaintiff that the fact that the apportionment defendant's duty arises from a contract is irrelevant to the issue of non-delegability. In its substitute apportionment complaint the defendant is seeking to apportion a duty which is non-delegable. There is no essential difference in the original apportionment complaint and the substitute complaint. General Statutes § 52-572h(c) does not apply.
For the reasons, more thoroughly set forth in Sutphin v. Barberino Real Estate, supra, the motion to strike is granted.
By the court,
Richard B. Arnold, Judge