[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE #118)
The defendant has filed a motion to strike Counts Three and Four of the intervening plaintiff, City of New Haven's Intervening Complaint, dated July 13, 2001, pursuant to Practice Book § 10-39. The defendant Fuller alleges that Counts Three and Four are legally insufficient because the intervenor is not entitled to plead recklessness by the defendant as grounds to recover Workers' Compensation reimbursement, and that punitive damages are to be awarded for personal injuries only.
Count Three of the intervenor City of New Haven's Complaint is New Haven's claim for statutory reimbursement for amounts it paid to the plaintiff for Workers' Compensation benefits based on the defendant's alleged recklessness and negligence. Count Four alleges that New Haven, the plaintiffs employer, was obligated to pay differential pay benefits to make up the difference between the normal amount of the plaintiffs pay and the amount of Workers' Compensation benefits received by the plaintiff, as a result of the defendant's recklessness and negligence. Neither Count Three or Count Four contain language or a prayer for relief alleging or claiming punitive damages pursuant to[1] General Statutes § 14-295. Counts Three and Four do, as stated, request reimbursement to the employer pursuant to the Workers' Compensation Act, General Statutes §§ 31-275 et seq., and more particularly General Statutes § 31-293.
 I
Practice Book § 10-39 reads in pertinent part as follows:
CT Page 10651 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, that party may do so by filing a motion to strike the contested pleading or part thereof.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts."Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185. (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
 II.
The facts disclose that on or about August 1, 1999, the plaintiff, Barrett, while on duty as a New Haven police officer was directing traffic when he was struck by a motor vehicle operated by the defendant Fuller. As a result, the plaintiff alleges he was injured, causing him to CT Page 10652 incur expenses for his medical care and causing him to lose wages, as a result of his inability to work. The City of New Haven, as the plaintiff's employer, claims it is entitled to reimbursement for Workers' Compensation benefits it has been obligated to pay the plaintiff pursuant to the Workers' Compensation Act. It also claims reimbursement for differential pay benefits it is obligated to pay the plaintiff pursuant to the Local 884 Union Contract, and Council 4 AFSCME, AFLCIO, Article 23, Section 2 of said contract. The intervening plaintiff, New Haven, has alleged that this is all due to the defendant's "recklessness and wanton actions," in that the defendant allegedly violated General Statutes § 14-222, 14-218 and 14-233 in his operation of the motor vehicle which struck the plaintiff Barrett.
Count Three sufficiently states the intervenor's pleading for reimbursement and/or indemnification for the Workers' Compensation benefits it has and will pay the plaintiff. The recklessness claim is derivative of the plaintiffs claim. Because the plaintiff stated a cause of action against the defendant, the intervenor derivatively seeks statutory reimbursement and/or indemnification based on the plaintiffs claims. This intervention is controlled by General Statutes § 31-293; see also Stavola v. Palmer, 136 Conn. 670, 678, 73 A.2d (1950).
General Statutes § 31-293 in pertinent part provides as follows:
 "(a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee . . . "
Counts Three and Four of the Intervening Complaint filed by the City of New Haven adopt the language of General Statutes § 31-293. The intervenor is only seeking reimbursements for the Workers Compensation CT Page 10653 benefits paid pursuant to its union contract and the differential pay benefits it is obligated to pay the plaintiff pursuant to its local union contract. The intervening plaintiff, City of New Haven, is not seeking punitive damages and recognizes that the statutes does not cite or allow for it to seek punitive damages. General Statute § 31-293 provides only for reimbursement and recovery only. The intervener is not in a position to "punish" the defendant. The statutory right to reimbursement is not punitive in nature. The intervenor, City of New Haven has not sought punitive damages and has admitted in its memorandum of law that General Statutes § 14-295 would not be applicable to the matter at hand. The issue is not personal injury, as the City of New Haven has not suffered a personal injury. The issue is solely reimbursement.
Accordingly, the defendant's motion to strike Counts Three and Four of the City of New Haven's Intervening Complaint dated July 13, 2001 is hereby denied.
The Court,
By: Arnold, J