[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE APPORTIONMENT COMPLAINT #104)
Pursuant to Practice Book § 10-38 et seq. the apportionment defendants, Robert Larsen d/b/a Larsen Landscaping and Larsen Landscaping, have moved to strike the defendant-apportionment plaintiff, Suburban Associates L.L.C.'s apportionment complaint on the grounds that it fails to state a claim upon which relief may be granted. Specifically, Larsen claims that apportionment does not apply in a vicarious liability situation as between a possessor of land and a snow removal contractor.
This action arises from an alleged fall-down on January 14, 2001 at 499 Ferry Street, New Haven, Connecticut. The plaintiff, Victor Reed alleges he slipped and fell as a result of snow and ice on a common walkway adjacent to the premises while he was accessing stairs leading to a friend's apartment.
Reed, by way of his complaint dated October 22, 2001, brought a negligence action against Suburban seeking damages for his injuries and losses. Reed maintains that the subject premises, including the common walkway, was "controlled, possessed, managed or maintained" by the defendant Suburban, on the date he allegedly fell. He further claims that Suburban was negligent and careless in permitting the walkway to become dangerous for use by the public.
Thereafter, by way of an apportionment complaint dated March 21, 2002, Suburban brought an action against Larsen seeking apportionment of liability pursuant to General Statutes § 52-572h. The apportionment CT Page 10611 complaint alleges that Larsen, as the snow and ice removal contractor, was hired to plow and sand the walkway and remove the ice and snow from the premises, and as such, may be liable to the plaintiff for all or a proportionate share of any damages awarded to the plaintiff.
 I.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985) A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted if where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
 II.
Larsen, the apportionment defendant, argues that apportionment does not apply to the contractor and landowner relationship, such as existed CT Page 10612 between Larsen and Suburban on January 14, 2001, the date the plaintiff Reed fell at the subject premises. The apportionment statute, General Statutes § 52-572h, provides the exclusive procedure for bringing another negligent party into a case for purposes of apportioning liability. The apportionment statute allows a defendant to cite in another party who may also be negligent. Allard v. Liberty OilEquipment, Co., 253 Conn. 787, 802, ___ A.2d ___ (2000). The underlying principle of the apportionment statute is that a negligent defendant instead of being jointly and severally liable for an entire amount of damages, should only be liable for that portion of damages for which it is responsible. Bhinder v. Sun Co.,246 Conn. 223, 238, ___ A.2d ___ (1998). Thus, the statute "proceeds on the premise that the defendants, between or among any of whom liability is apportioned, are at least potentially liable in different proportions." Gazo v. City of Stamford, 255 Conn. 245,248 (2001).
The apportionment defendant Larsen argues that the ruling in Gazo v.City of Stamford, supra at 257 notes that the relationship between a contractor and a landowner or possessor of land is a relationship of vicarious liability. The non-delegable duty doctrine, which places a duty on the landowner or possessor to keep the premises in a reasonably safe condition, involves a form of vicarious liability where "the party with the duty may be vicariously liable for the conduct of its independent contractor." Id. Larsen argues that this is in direct contrast to separate and distinct acts of negligence contemplated under General Statutes § 52-572h, and that vicarious liability and apportionment are necessarily inconsistent.
The apportionment plaintiff, Suburban, argues that Gazo v. City ofStamford, supra, does not, in fact, deal with the apportionment situation, and that it addressed and made clear that there was a direct duty owed by the contractor to the original plaintiff. Suburban also states that vicarious liability does not necessarily preclude liability on the part of the independent contractor. Id.
There is a split of authority among the judges of the Superior Court as to whether apportionment is available to a possessor of property as against an independent contractor. Those in favor of apportionment conclude that if an independent contractor may be directly liable to a plaintiff, the apportionment should be allowed. See, e.g., Grelisano v.National Amusements, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 065495 (July 29, 1999) (Thompson,J.), Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998) (Leheny, J.). CT Page 10613
Other Superior Court cases hold that liability may not be apportioned between a property owner and an independent contractor. They reason that liability is indivisible because the duty of the property owner to maintain the safety of premises for invitees is non-delegable. See, e.g., Riggione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000) (Alander, J.);Wood v. Chalet Suisse International Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995) (Silbert, J.);Lovallo v. Devcon-Torrington, L.L.C., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 081097 (May 23, 2001) (Agati,J.); Sutphin v. Barberino Real Estate, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 447378 (July 16, 2001) (Licari, J.).
In the present case, the landowner-possessor Suburban has a non-delegable duty and it may not absolve itself of liability by contracting out the performance of that duty to the apportionment defendant Larsen. The non-delegable duty doctrine means that a party may contract out the performance of a non-delegable duty, but may not contract out its ultimate legal responsibility. Gazo v. City ofStamford, 255 Conn. 245, 255, 765 A.2d 505 (2001). "[W]e view the non-delegable duty doctrine as involving a form of vicarious liability, pursuant to which the party with the duty may be vicariously liable for the conduct of its independent contractor." Id. at 257. The duty doctrine, however, does not prevent a plaintiff from suing an independent contractor for negligence by applying a two-part test invoking the questions of foreseeability and policy. Here Larsen knew or should have known it was foreseeable that the plaintiff Reed's slip and fall was likely to occur. Second, there is a valid public policy for holding a contractor such as Larsen liable for its conduct. Id. at 251. Therefore, Larsen owed a duty of reasonable care to plaintiff Reed and an independent action could have been brought against the apportionment defendant, Larsen. However, the property owner-possessor, Suburban may not seek to apportion liability where it has a non-delegable duty to keep the premises in a reasonably safe condition for invitees.
The Supreme Court stated that apportionment is not applicable where one defendant is vicariously liable for the conduct of another defendant because apportionment "proceeds on the premises that the defendants . . . are at least potentially liable in differing proportions." Id., 258. The non-delegable duty doctrine is a form of vicarious liability. Id., 257.
This court holds that the apportionment of Suburban's non-delegable duty, which could be contracted out to Larsen, is inappropriate. A duty is owed to the plaintiff Reed by both the owner-possessor Suburban and CT Page 10614 the contractor, Larsen. The breach of duty to the plaintiff, mainly keeping the premises safe for invitees, can be committed by either the possessor-owner or the contractor, but the landowner remains legally responsible because it has a non-delegable duty. Therefore Larsen's motion to strike the apportionment complaint is hereby granted.
The Court,
By:
Arnold, J.