[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE APPORTIONMENT COMPLAINT)
Pursuant to Practice Book § 10-38 et seq. the apportionment defendant, MacMillan Mowing and Property Maintenance has moved to strike Count Two of the defendant-apportionment plaintiff Greystone Park Condominium Association's apportionment complaint dated May 16, 2002, on the grounds that it fails to state a claim upon which relief may be granted. Specifically, MacMillan claims that apportionment is not appropriate as an owner or possessor of a premises owes invitees a non-delegable duty to exercise ordinary care for the safety of such persons, and that said owner or possessor cannot bring an apportionment complaint against an independent contractor, hired to perform snow and ice removal duties.
This action arises from an alleged fall-down on February 13, 2001 in a parking lot located at 112 Nod Hill Road, Clinton, Connecticut. The plaintiff, J. Tracy Flanagan alleges he slipped and fell as a result of ice on the surface of the parking lot which was "controlled, possessed, managed and/or maintained by the Greystone Condominium Association a common walkway adjacent to the premises while he was accessing stairs leading to a friends apartment. The First Count of the original complaint dated January 4, 2002 is brought against Greystone and alleges negligence regarding the accumulation of ice and snow in said parking lot. The Second Count is brought against M.J.M. Industrial and Commercial Properties, alleging that M.J.M. Industrial "controlled, possessed, managed and/or maintained the parking lot, and that M.J.M. Industrial was negligent regarding the accumulation of ice and snow that caused the plaintiff to slip and fall. The Third and Fourth Counts of the complaint are brought by the plaintiff Barbara Flanagan claiming a loss of consortium due to the injuries sustained by her spouse, the plaintiff J. Tracy Flanagan.
The defendant Greystone has brought a two count apportionment CT Page 15338 complaint. The First Count is directed at the apportionment defendant Jon-Tone, Inc., a tenant of the condominium unit which the plaintiff J. Tracy Flanagan allegedly fell in front of. The Second Count is directed to McMillan who it is alleged, agreed to provide snow-plowing services at the subject premises. The motion to strike filed by McMillan is directed only to this Second Count of the apportionment complaint filed by Greystone.
The Second Count of the apportionment complaint alleges that MacMillan, as the snow and ice removal contractor, was hired to plow and remove the ice and snow from the subject premises and was careless and negligent in the performance of this task, and as such, may be liable to the plaintiffs for a proportionate share of any damages awarded to the plaintiff.
 I
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985) A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted if where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its CT Page 15339 allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra, 196 Conn. 108-09. However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallov. Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982).
 II
MacMillan, the apportionment defendant, argues that apportionment does not apply to the contractor and landowner relationship, such as existed between MacMillan and Greystone on February 13, 2001, the date the plaintiff J. Tracy Flanagan fell at the subject premises. The apportionment statute, General Statutes § 52-572h, provides the exclusive procedure for bringing another negligent party into a case for purposes of apportioning liability. The apportionment statute allows a defendant to cite in another party who may also be negligent. Allard v.Liberty Oil Equipment, Co., 253 Conn. 787, 802, 756 A.2d 237 (2000). The underlying principle of the apportionment statute is that a negligent defendant instead of being jointly and severally liable for an entire amount of damages, should only be liable for that portion of damages for which it is responsible. Bhinder v. Sun Co., 246 Conn. 223, 238,717 A.2d 202 (1998). Thus, the statute "proceeds on the premise that the defendants, between or among any of whom liability is apportioned, are at least potentially liable in different proportions." Gazo v. City ofStamford, 255 Conn. 245, 248, 765 A.2d 505 (2001).
The ruling in Gazo v. City of Stamford, supra at 257, notes that the relationship between a contractor and a landowner or possessor of land is a relationship of vicarious liability. The non-delegable duty doctrine, which places a duty on the landowner or possessor to keep the premises in a reasonably safe condition, involves a form of vicarious liability where "the party with the duty may be vicariously liable for the conduct of its independent contractor. Id. This is in direct contrast to separate and distinct acts of negligence contemplated under General Statutes §52-572h, and, thus, vicarious liability and apportionment are, therefore, necessarily inconsistent.
It is argued that Gazo v. City of Stamford, supra, does not, in fact, deal with the apportionment situation, and that it addressed and made clear that there was a direct duty owed by the contractor to the original plaintiff, and that vicarious liability does not necessarily preclude liability on the part of the independent contractor. Id.
There is a split of authority among the judges of the Superior Court as to whether apportionment is available to a possessor of property as CT Page 15340 against an independent contractor. Those in favor of apportionment conclude that if an independent contractor may be directly liable to a plaintiff, the apportionment should be allowed. See, e.g., Grelisano v.National Amusements, Inc. Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 065495 (July 29, 1999) (Thompson, J.), Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998) (Leheny, J.).
Other Superior Court cases hold that liability may not be apportioned between a property owner and an independent contractor. They reason that liability is indivisible because the duty of the property owner to maintain the safety of premises for invitees is non-delegable. See, e.g., Riggione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000) (Alander, J.);Wood v. Suisse Chalet International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995) (Silbert, J.);Lovallo v. Devcon-Torrington L.L.C., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 081097 (May 23, 2001) (Agati, J.);Sutphin v. Barberino Real Estate, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 447378 (July 16, 2001) (Licari, J.); Reed v. Suburban Associates, Superior Court, judicial district of New Haven at New Haven, No. CV 01 0457724 S (Aug. 19, 2002) (Arnold, J.), 2002 Ct. Sup. 10610.
In the present case, the landowner-possessor Greystone has a non-delegable duty, and it may not absolve itself of liability by contracting out the performance of that duty to the apportionment defendant MacMillan. The non-delegable duty doctrine means that a party may contract out the performance of a non-delegable duty, but may not contract out its ultimate legal responsibility. Gazo v. City ofStamford, supra, 255 Conn. 255. "[W]e view the non-delegable duty doctrine as involving a form of vicarious liability, pursuant to which the party with the duty may be vicariously liable for the conduct of its independent contractor." Id. at 257. The duty doctrine, however, does not prevent a plaintiff from suing an independent contractor for negligence by applying a two-part test invoking the questions of foreseeability and policy. Here it can be alleged that MacMillan knew or should have known it was foreseeable that the plaintiffs slip and fall was likely to occur. Second, there is a valid public policy for holding a contractor such as MacMillan liable for its conduct. Id. at 251. Therefore, it can be argued that MacMillan owed a duty of reasonable care to the plaintiff J. Tracy Flanagan, and an independent action could have been brought against the apportionment defendant, MacMillan. However, the property owner-possessor, Greystone may not seek to apportion liability where it has a non-delegable duty to keep the premises in a reasonably safe CT Page 15341 condition for invitees.
The Supreme Court stated that apportionment is not applicable where one defendant is vicariously liable for the conduct of another defendant because apportionment "proceeds on the premises that the defendants . . . are at least potentially liable in differing proportions." Id., 258. The non-delegable duty doctrine is a form of vicarious liability. Id., 257.
Accordingly, this court holds that the apportionment of Greystone's non-delegable duty, which could be contracted out to MacMillan, is inappropriate. A duty is owed to the plaintiffs by both the owner-possessor Greystone and the contractor, MacMillan. The breach of duty to the plaintiffs, mainly keeping the premises safe for invitees, can be committed by either the possessor-owner or the contractor, but the owner remains legally responsible because it has a non-delegable duty. Therefore MacMillan's motion to strike the Second Count of the apportionment complaint, which is directed at MacMillan, is hereby granted.
The Court
 by ___________ Arnold, J.
CT Page 15341-a