[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The defendant pursuant to Practice Book § 10-39, has moved to strike Counts Two, Three, Four, Five, Seven, Eight, Nine, Ten and Eleven of the plaintiff's Fourth Amended Complaint dated June 13, 2002. The plaintiff's Second Count alleges intentional interference with a business relationship. The Third Count alleges "unreasonably escalating litigation and causing interference with economic advantages." The Fourth Count alleges abuse of process. The Fifth Count alleges defamation. The Seventh, Eight, Ninth, Tenth and Eleventh Counts allege violations of the Connecticut Unfair Trade Practices Act, (CUTPA), General Statutes §§ 42-110 et seq. The allegations by the plaintiff, who is representing himself in a pro se capacity, all arise from circumstances surrounding a dissolution of marriage proceeding in which the defendant attorney represented the plaintiffs former spouse.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185. (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal CT Page 16125 quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra, 196 Conn. 108-09. However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallov. Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982).
 I
The Second Count of the plaintiffs Fourth Amended Complaint is founded in tortious interference with business expectancies. The essential elements of such a claim include, of course, the existence of a contractual or beneficial relationship and that the defendant (s), knowing of that relationship, intentionally sought to interfere with it; and as a result, the plaintiff claimed to have suffered actual loss."Solomon v. Aberman, 196 Conn. 359, 493 A.2d 193 (1985); Harry A. Finman Son, Inc. v. Connecticut Truck Trailer Service Co.,169 Conn. 407, 415, 363 A.2d 86 (1975). A cause of action for tortious interference with business expectancy requires proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestations or that the defendant acted maliciously. Jones v. O'Connell, 189 Conn. 648,660 458 A.2d 355; citing Busker v. United Illuminating Co., 156 Conn. 456,461, 242 A.2d 708 (1968); Skene v. Carayanis, 103 Conn. 708, 715,131 A. 497 (1926); Goldman v. Feinberg, 130 Conn. 671, 675, 37 A.2d 355
(1944); Kecko Piping Co. v. Monroe, 172 Conn. 197, 201-202, 374 A.2d 179
(1977).
The plaintiff at the time of his dissolution of marriage, alleges that he was the Vice President of Sales, Marketing and Business Development of a large multi-national organization. He alleges that despite his warnings to the defendant of an "imminent likeliness of permanent and irreparable professional and financial damage to the plaintiff, the defendant repeatedly subpoenaed the plaintiffs boss over mundane matters solely as a malicious, harassing and intimidating negotiation tactic." The plaintiffs allegations as pleaded, viewed in a light most favorable to the plaintiff, satisfy the requirement that there was a business relationship between the plaintiff and another party and the defendant intentionally CT Page 16126 interfered with that business relationship while having knowledge of said relationship. Suffield Development Association, L.P. v. National LoanInvestors, L.P., 64 Conn. App. 192, 204, 779 A.2d 822 (2001). The third element of tortious interference with business expectancies is that as a result of the interference, the plaintiff suffers actual loss. Id. at 204. The defendant argues that the Second Count fails to contain any allegation of actual loss and that the plaintiffs sole allegation is that the plaintiff suffered permanent and irreparable harm to his standing and reputation at his place of employment.
In Hi-Ho Tower, Inc. v. Com-Tronics, Inc. 255 Conn. 20, 33-34,761 A.2d 1268 (2000), the court stated,
 "[P]roof that some damage has been sustained is necessary to [support a cause of action for tortious interference]." W. Prosser, supra, § 129, p. 948. "A major problem with damages of this sort, [however], is whether they can be proved with a reasonable degree of certainty. . . . If the question is whether the plaintiff would have succeeded in attaining a prospective business transaction in the absence of [the] defendant's interference, the court may, in determining whether the proof meets the requirement of reasonable certainty, give due weight to the fact that the question was "made hypothetical by the very wrong' of the defendant. Sometimes, when the court is convinced that damages have been incurred but the amount cannot be proved with reasonable certainty, it awards nominal damages." Restatement (Second), Torts § 774A, comment (c) (1979). Thus, an award of compensatory damages is not necessary to establish a cause of action for tortious interference as long as there is a finding of actual loss, and a finding of actual loss may support an award of punitive damages. See DiNapoli v. Cooke, 43 Conn. App. 419, 425-28, 682 A.2d 603, cert. denied, 239 Conn. 951, 686 A.2d 124 (1996), cert. denied, 520 U.S. 1213, 117 S.Ct. 1699, 137 L.Ed.2d 825
(1997); Ault v. Lohr, 538 So.2d 454, 456 (Fla. 1989) (jury finding of liability is equivalent to finding of damage; thus punitive damages may be assessed).
For the purposes of this motion the plaintiff has pleaded sufficient facts to state a cause of action. The motion to strike the Second Count is denied. CT Page 16127
 II
The Third Count of the plaintiffs amended complaint is, in fact, a claim of abuse of process. The plaintiffs allegations are that the defendant was the attorney for the plaintiffs former spouse during the dissolution of marriage proceedings, and that the defendant in this capacity, "turned the dissolution of an uncomplicated one-year marriage with few assets into an excruciating three year court ordeal." "An attorney may be sued for misconduct . . . because of an unauthorized use of legal process." Suffield Development Assoc., L.P. v. National LoanInvestors, L.P., supra, 64 Conn. App. 199. While attorneys have a duty not to pursue utterly groundless litigation, "that duty does not give rise to a third party action for abuse of process unless the third party can point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation. Any other rule would interfere with the attorney's primary duty of robust representation in the interest of his or her client." Mozzochi v. Beck, 204 Conn. 490,494-97, 529 A.2d 171 (1987).
The plaintiff has failed to state the necessary facts to support his claim for an abuse of process. There are allegations of violations of the Connecticut Rules of Professional Conduct, but as pleaded, they are legally insufficient to state a claim for abuse of process. The Third Count of the amended complaint is hereby ordered stricken.
 III
The Fourth Count of the amended complaint likewise sounds in abuse of process. The court agrees with the defendant that this count tracks the Third Count in that it arises out of the defendant's professional responsibilities to the plaintiffs former spouse in the dissolution of marriage action. For the reasons stated above regarding the striking of the Third Count, the Fourth Count is also stricken.
 IV
The plaintiffs Fifth Count purports to be a cause of action sounding in defamation. The plaintiff alleges that the defendant, while representing the plaintiffs former wife, "made false and malicious statements, orally and in writing . . . with the sole intention of causing irreparable harm and injury to his [plaintiffs] good name and reputation." The allegations fail to allege publication of any false and malicious statements and fails to state the nature of these statements. Additionally the plaintiff has not set forth that the defendant was not privileged to make said CT Page 16128 statements. See Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 27, 662 A.2d 89 (1995). "It has been long established that there is absolute privilege for statements made in judicial proceedings. . . . The effect of an absolute privilege is that damages cannot be recovered for a defamatory statement, even if it is published falsely and maliciously." Petyan v. Ellis, 200 Conn. 243, 245-46, 510 A.2d 1337
(1986), citing Briscoe v. LaHue, 460 U.S. 325, 331-32, 103 S.Ct. 1108,75 L.Ed.2d 96 (1983); Hassett v. Carroll, 85 Conn. 23, 35, 81 A.1013 (1911). It is noted that the plaintiff has not briefed his opposition to the striking of the Fifth Count. For the reasons recited the court orders that the Fifth Count be stricken.
 V
Counts Seven through Eleven reiterate the plaintiffs allegations of the First Count through the Fifth Count and add an additional allegation of violations of CUTPA. Again, the alleged conduct of the defendant arises out of his representation of the plaintiffs former spouse during the dissolution of marriage proceedings. A party may not sue his opponent's attorney for a CUTPA violation. Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 727, 627 A.2d 374 (1993); Haynes v. Yale New HavenHospital, 243 Conn. 17, 33, 699 A.2d 964 (1997). Only the commercial aspects of the practice of law are covered by CUTPA. Suffield DevelopmentAssociates L.P. v. National Loan Investors, L.P., supra at 207, citingHaynes v. Yale New Haven Hospital, supra at 34.
Once again the plaintiff in opposing the motion to strike offers no argument in his memorandum to oppose the striking of Counts Seven through Eleven. Accordingly for the reasons set forth, Counts Seven through Eleven are stricken.
In summary the Court orders that the defendant's motion to strike Counts Three, Four, Five, Seven, Eight, Nine, Ten and Eleven is hereby granted. The motion to strike the Second Count is denied.
The Court,
by _________________ Arnold, J. CT Page 16129