[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
Pursuant to Practice Book § 10-39. et seq., the defendant Branford Board of Education moves to strike the First Count of the plaintiffs Amended Complaint, dated July 22, 2002 for the reason that it fails to state a claim for which relief can be granted. The defendant contends that the plaintiff is attempting to state a claim against the Branford Board of Education pursuant to General Statutes § 10-235 which provides for indemnification for tort claims against school officials. The defendant's position is that General Statutes § 10-235 does not create a private cause of action for claims directly against a school board. The court agrees.
It is noted that the initial motion to strike was originally directed to the First Count of the Revised Complaint dated September 21. 2001. Thereafter on April 3. 2002 the plaintiff filed its objection. On July 24, 2002, the plaintiff filed an amended complaint dated July 22. 2002. The defendant then re-filed its motion to strike, applying it to the First Count of the amended complaint. The plaintiff subsequently objected to the renewed motion to strike on August 23, 2002. The court heard the arguments of the parties on September 23, 2002. The court's decision, thus, is directed to the motion to strike the First Count of the amended complaint dated July 22, 2002.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91. 108. 491 A.2d 368
(1985). A motion to strike shall be granted if "The plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law" Mora v. Aetna Life and Casualty Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the CT Page 330 pleadings." (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts. Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. BridgeportHousing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of' the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541-50,427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action. the motion to strike must fail." Mingachos v. CBS, Inc., supra. 196 Conn. 108-09. However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts. the motion to strike should be granted.Cavallov. Derby Savings Bank, 188 Conn. 281. 285. 449 A.2d 986 (1982).
The plaintiffs allege that the minor plaintiff, a student at Branford High School. sustained injuries in a lacrosse game. while participating in a physical education class. The plaintiffs further allege that Mary Philipp. an employee of the Branford Board of Education was negligent and that her negligence caused the minor plaintiffs injuries. General Statutes § 10-235 (a) provides in pertinent part that "Each board of education shall protect and save harmless any member of such board or any teacher or other employee thereof . . . from financial loss and expense . . . arising out of any claim. demand, suit or judgment by reason of alleged negligence. . . .
The court agrees with the defendant that General Statutes § 10-235
is not intended to benefit prospective plaintiffs; it is a statutorily created right of indemnification for the benefit of teachers and other board employees. Walsh v. Watertown Board of Education, CV98-0149790, judicial district of Waterbury (November 6, 2000) (Wiese, J.), citing Parsons v. West Hartford Board of Education, CV94-0533484, judicial district of Hartford, (September 16, 1994) (Corradino, J.). The statute does not give a plaintiff a direct cause of action. Loman v. Frank, CV97-0398833, judicial district of New Haven at New Haven (May' 19, 1999) (Devlin, J.); see also D'Alessio v. Town of Ansonia, CV00-0070881, judicial district of Ansonia/Milford at Milford, (October 11, 2000) CT Page 331 (Nadeau. J.).
In the present case. the First Count of the amended complaint attempts to state a claim for negligence directly against the Branford Board of Education. pursuant to General Statutes § 10-235. Such a claim is not permitted.
Accordingly. the motion to strike the First Count of the plaintiffs' amended complaint is hereby granted.
The Court
 by ___________________ Arnold, J.
CT Page 332